UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL PENDOLA,

                               Plaintiff,

v.                                                       Civil Action No. _____

NORTH AMERICAN ASSET SERVICES, LLC D/B/A
FRONTIER FINANCIAL GROUP

                               Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Paul Pendola is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Frontier Financial Group is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a pay day loan debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Pay Day Loan Company to collect on the subject debt.

13. That in or about March 12, 2013, Plaintiff's landlord was contacted by Defendant in an attempt to collect on the subject debt. Defendant disclosed the alleged debt to Plaintiff's landlord and left a message with him for Plaintiff to contact their office.

14. That in or about March 12, 2013, Plaintiff's girlfriend was contacted by Defendant in an attempt to collect on the subject debt. Defendant disclosed the alleged debt to Plaintiff's girlfriend and left a message with her for Plaintiff to contact their office.

15. That in or about March 12, 2013, Plaintiff contacted Defendant in regards to the alleged debt. Plaintiff requested validation of debt since he believed he did not owe the debt and had not received a letter from the Defendant. Defendant refused to provide any validation and threatened legal action against the Plaintiff.

16. That Defendant told the Plaintiff that they will "hurt his credit" and that they will take him to court where he would "face jail time." Plaintiff asked what court and Defendant responded "the highest court." Defendant then asked the Plaintiff if his mother raised him to steal and then terminated the call.

17. That since the aforementioned conversation, Defendant continued to call the Plaintiff multiple times per week in an attempt to collect on the subject debt.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 16.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff's case will be " taken to the highest court, face jail time, and will hurt his credit."

    D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by leaving messages with Plaintiff's landlord and girlfriend instructing the Plaintiff to call the Defendant.

    E. Defendant violated 15 U.S.C. §1692b and 15 U.S.C. §1692b(2) by disclosing the alleged debt to Plaintiff's landlord and girlfriend.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 30, 2013

    /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
       khiller@kennethhiller.com